```
 1   ELIZABETH A. STRANGE
     Acting United States Attorney
 2   District of Arizona
 3   Assistant U.S. Attorney
     405 W. Congress, Suite 4800
 4   Tucson, Arizona 85701-5040
 5   Tel. (520) 620-7300
     Attorneys for Plaintiff
 6
```

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | #17-24640 M |
|---|---|
| Plaintiff, | PLEA AGREEMENT |
| v. | (Flip-Flop) |
| Reyna SALGADO-Hurtado<br>Defendant. | (Petty Misdemeanor) |

The Parties enter into the following agreement:

1. Defendant will enter a plea to Count 2 of the complaint, Improper Entry by Alien, a petty misdemeanor offense, in violation of Title 8, United States Code, Section 1325(a)(1). This plea will occur no later than the time set for the detention hearing/ preliminary hearing.

2. The government will dismiss Count 1 of the complaint, Illegal Re-Entry After Deportation, a felony, in violation of Title 8, United States Code, Section 1326(a), enhanced by Title 8, United States Code, Section 1326(b)(1). This charge, if proven, carries a maximum sentence of ten (10) years imprisonment, a $250,000 fine, up to three (3) years supervised release, and a $100 special assessment. The government will dismiss this charge at the time of sentencing.

3. The maximum penalties for the offense to which the defendant pleading are six (6) months in custody and a $5,000 fine. The government agrees to waive the $10 special assessment.

4. Pursuant to this plea agreement and Rule 11(c)(1)(C) Fed. R. Crim. P., the government and the defendant stipulate and agree to a sentence of 150 consecutive days of imprisonment, which will commence at the time of plea and sentencing. Defendant is to receive credit for all time he/she has served to date and shall be deducted from the stipulated sentence.

5. The parties waive a Pre-sentence Report and agree that sentencing will occur on the date of the change of plea. The defendant understands and agrees that this plea agreement contains all terms, conditions, and stipulations regarding sentencing. If the court departs from the terms and conditions set forth in this plea agreement, either party may withdraw.

6. Pursuant to the plea agreement, the defendant waives any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the complaint or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant providing the sentence is consistent with this agreement. The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under 18 U.S.C. § 3742 (sentence appeals); (3) any right to collaterally attack the defendant's conviction and sentence under 28 U.S.C. § 2255, or any other collateral attack; and (4) any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c). The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his/her conviction or sentence in this case. If the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement. This waiver shall not be construed to bar a claim of ineffective assistance of counsel or an otherwise-preserved claim of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

7. If the defendant was on federal supervised release or federal probation at the

time the present offense was committed, the government may withdraw from the plea agreement.

8. The elements of Improper Entry By an Alien are as follows:

(a) The defendant is not a citizen of the United States

(b) The defendant entered or attempted to enter the United States, and

(c) The defendant entered or attempted to enter at any time or place other than as designated by immigration official.

9. If the defendant entered the United States at a place outside the jurisdiction of this court, the defendant agrees to waive his/her right to raise a challenge based on improper venue under Title 8 United StatesCode Section 1329 in order to permit the court to accept the defendant's guilty plea and sentence the defendant in accordance with this plea agreement.

10. The defendant recognizes that pleading guilty may have consequences with respect to his/her immigration status if the defendant is a recently naturalized United States citizen or is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Although there may be exceptions, the defendant understands that the defendant's guilty plea and conviction for this offense make it practically inevitable and a virtual certainty that the defendant will be removed or deported from the United States. The defendant agrees that he/she has discussed this eventuality with his/her attorney. The defendant nevertheless affirms that he/she wants to plead guilty regardless of any immigration consequences that this plea entails, even if the consequence is the defendant's automatic removal from the United States.

11. The defendant agrees that this written plea agreement contains all the terms and conditions of his/her guilty plea.

///

12. **Factual Basis for Plea:**

I, Reyna SALGADO-Hurtado, am a citizen of Mexico. On or about June 28, 2017, I knowingly ~~attempted~~ to enter the United States of America at or near Sasabe, Arizona by entering at any time or place other than as designated by immigration officials.

Dated this 30 day of June 2017.

_Reyna Salgado H_
Reyna SALGADO-Hurtado
Defendant

_Em 6/13_
Defense Counsel

ELIZABETH A. STRANGE
Acting United States Attorney
District of Arizona

_____
Special Assistant U.S. Attorney